UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JASON R. MOULTON as Personal Representative of the Estate of Tia Marie Sloama Ritch, deceased,**

**Plaintiff,**

-vs-  Case No. 3:11-cv-382-J-37JBT

**CARLA DESUE in her individual capacity, as Bradford County Sheriff's Correctional Officer, AMANDA MIXON in her individual capacity as Bradford County Sheriff's Correctional Officer, CHARLES HENDRIX in his individual capacity as Bradford County Sheriff's Correctional Sergeant, LANCE HOLLINGSWORTH in his individual capacity as Bradford County Sheriff's Correctional Officer, GORDON SMITH in his capacity as Bradford County Sheriff**

**Defendants.**
_____/

**ORDER**

This cause is before the Court on Defendants' Joint Motion to Strike Plaintiff's Amended Rule 26(a)(2) Expert Disclosure of Trudy Haider, RN MSM and Incorporated Memorandum of Law (Doc. No. 47) and Plaintiff's Response (Doc. No. 55). After considering the motion, response, and pertinent portions of the record, the Court DENIES the motion.

**I. BACKGROUND**

Jason Moulton ("Plaintiff"), as personal representative of the estate of Tia Marie Sloama Ritch ("Ritch"), deceased, brings this action against Carla Desue, Amanda Mixon, Charles Hendrix, Lance Hollingsworth, and Gordon Smith (collectively "Defendants").[1] (Doc. No. 1.) Ritch was six to eight weeks pregnant when she was placed in pre-trial confinement at the Bradford County Jail in Starke, Florida, on June 28, 2009. (*Id.* at ¶¶ 19, 20.) Defendants Desue, Mixon, Hendrix, and Hollingsworth worked at the Bradford County Jail as Sheriff's Correctional Officers and were employees of Defendant Smith, the Bradford County Sherriff. (*Id.* at ¶ 20.) Ritch became increasingly ill on June 28, 2009, (*Id.* at ¶ 21), and she died on July 3, 2009 (*Id.* at ¶ 37).

Plaintiff's Complaint, filed on April 21, 2011, alleges civil rights violations pursuant to 42 U.S.C. § 1983, including violations of the Fourteenth Amendment for failing to provide adequate medical care to pre-trial detainees (Counts I and II), and state law negligence claims for wrongful death pursuant to 28 U.S.C. § 1367 (Count IV and V). (*Id.* at ¶¶ 2, 3.) Plaintiff seeks monetary damages and attorney's fees. (*Id.* at ¶ 1.)

The Court issued its Case Management and Scheduling Order ("CMSO") on September 8, 2011. (Doc. No. 31.) Therein, the Court required Plaintiff to disclose his expert reports by October 14, 2011. (Doc. No. 31, p. 1.) The CMSO established a discovery deadline of June 15, 2012. (Doc. No. 31, p. 1.)

---

[1] Pursuant to the parties' stipulation (Doc. No. 36), the Court dismissed Count III of the complaint and dismissed Karen Kinder as a defendant on April 23, 2012 (Doc. No. 40).

On October 6, 2011, before the disclosure deadline, Plaintiff disclosed his expert, Trudy Haider ("Haider"), RN MSM, and Haider's expert report. (Doc. No. 47, p. 2.) On May 16, 2012, seven months after the disclosure deadline and one month before the discovery deadline, Plaintiff served Defendants with Haider's Amended Rule 26(a)(2) Expert Disclosure. (Doc. No. 47, p. 3.) Defendants filed a Joint Motion to Strike Plaintiff's Amended Expert Disclosure on May 22, 2012. (Doc. No. 47.) Therein, Defendants move to strike Plaintiff's Amended Rule 26(a)(2) expert disclosure pursuant to Fed. R. Civ. P. 12(f)[2] and 26(a)(2) and M.D. Fla. Loc. R. 3.01 because "Plaintiff untimely disclosed completely new opinions and theories, and Haider is not qualified to opine on the standard of care for correctional officers." (Doc. No. 47, p. 1.) Plaintiff filed his Response in opposition on June 15, 2012. (Doc. No. 55.)

## II. DISCUSSION

Defendants seek to strike Plaintiff's Amended Rule 26(a)(2) Expert Disclosure. (Doc. No. 47.) Rule 26(a)(2) requires expert witnesses to produce a report containing, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). A party must make these disclosures "at the times and in the sequence that the court orders." *Id.* at (a)(2)(C). After disclosing its expert report, a party must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if

---

[2] A Rule 12(f) motion to strike is proper only for challenging matters contained in the pleadings, not matters outside the pleadings. *Polite v. Dougherty Cnty. Sch. Sys.*, 314 F. App'x 180, 184 (11th Cir. 2008). The Court, however, will construe Defendants' Motion to Strike as a motion in limine.

3

the additional or corrective information has not otherwise been made known to the other parties during the discovery process." *Id.* at (e)(1), (e)(2).

If a "party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.,* 318 Fed. Appx. 821, 825 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.,* 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

Defendants claim that Plaintiff's disclosure of Haider's amended report was untimely because it occurred after the October 14, 2011 disclosure deadline. (*Id.* at 3.) In response, Plaintiff argues that Rule 26(e) required him to supplement his disclosure after he received new evidence from Defendants. (Doc. No. 55, p. 2.) The Court agrees with Plaintiff.

The Court's CMSO required Plaintiff to disclose any expert reports by October 14, 2011. (Doc. No. 31, p. 1.) The CMSO also provided:

> On or before the date set forth in the above table for the disclosure of expert reports, the party shall fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

Plaintiff's disclosure of its amended expert report was therefore technically

untimely because it was made after this deadline.[3] Thus, Plaintiff will not be allowed to use his amended report unless his failure to timely disclose it is substantially justified and does not prejudice the other party. Fed. R. Civ. P. 37(c)(1).

"Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Ellison v. Windt,* Case No. 6:99-cv-1268-Orl-KRS, 2001 WL 118617, at *4-5 (M.D. Fla. Jan. 24, 2001) (internal quotation marks omitted) (quoting *Chapple v. Alabama,* 174 F.R.D. 698, 701 (M.D. Ala. 1997)). Plaintiff alleges that Defendants' revelation of new information after the expert disclosure deadline required Haider to supplement her report. (Doc. No. 55, p. 2.) First, Plaintiff learned that the correctional officers had not notified the jail's nurse, Karen Kinder, of the medical emergency, despite their earlier testimony to the contrary. (*Id.*) Second, Plaintiff learned that Defendant Hendrix initially testified that he had left messages with Kinder about moving decedent to a medical cell, but Hendrix later changed his testimony. (*Id.*) Finally, Defendants did not provide Plaintiff with the prison's written policy concerning the recognition of medical emergencies until May 2, 2012, after the deadline for disclosing expert reports. (*Id.*) Defendants' motion does not address this allegedly new information. (*See* Doc. No. 47.)

After receiving this information, Plaintiff voluntarily dismissed Kinder as a party, (Doc. No. 40), and Haider amended her report to add the statement that Defendant

---

[3] Defendant's motion for clarification of the Court's CMSO is denied. Any concerns or misunderstanding that the parties may have had about the language in the CMSO are disposed of in this order.

Smith's conduct fell below the applicable standard of care (Doc. No. 47-4, p. 3). Since the changes and additions to Plaintiff's expert report were allegedly necessitated by the changes and additions in the testimony of Defendants, the Court finds that Plaintiff's failure to timely produce an amended expert report was substantially justified.

Furthermore, " '[f]ailure to make the required expert witness disclosures is harmless when there is no prejudice to the party entitled to the disclosure.' " *Ellison v. Windt*, No. 6:99-CV-1268-ORL-KRS, 2001 WL 118617, at *5 (M.D. Fla. Jan. 24, 2001) (quoting *Chapple,* 174 F.R.D. at 701). The record reflects that Plaintiff's initial expert report opined that "Defendant Correctional Officers violated the standard of care applicable to them." (Doc. No. 47-1, p. 5.) Haider's initial report thus put Defendants on notice that Haider would testify as to the standard of care required of correctional officers. From the moment Defendants received Plaintiff's initial expert report they had time to review it and to prepare to rebut her testimony. Therefore, Plaintiff's failure to timely serve the amended report did not prejudice Defendants.

Since Plaintiff's disclosure is technically untimely, he should have sought leave from the Court to amend his report, thereby giving Defendant an opportunity to respond. Nevertheless, for the reasons set forth above, the Court concludes that the untimely disclosure is substantially justified and does not prejudice Defendant. Given the fact that the discovery deadline has passed, the Court will allow Defendant's counsel to depose Haider again, if necessary.

Defendants also seek to strike Haider's amended report on the grounds that Haider is "not qualified to testify on the standard of care for correctional officers." (Doc.

6

No. 47, p. 5.) A court can exclude an expert witness on the grounds that the witness is not qualified to offer opinion testimony only after considering a properly pleaded *Daubert* motion. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Defendant fails to cite to *Daubert*, state the *Daubert* standard, address the elements of a *Daubert* motion, or state the scope of the expert's testimony. Accordingly, the Court DENIES without prejudice Defendants' motion to exclude Haider.

In light of the foregoing, it is hereby **ORDERED** that Defendants' Joint Motion to Strike Plaintiff's Amended Rule 26(a)(2) Expert Disclosure (Doc. No. 47) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Jacksonville, Florida, on July 10, 2012.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

7